UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Catherine Wagner,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.:1:12-cv-1440 |
| | ) |
| **Enhanced Recovery Company, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) _____ |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaundry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

1

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

**Parties**

10. The Plaintiff, Catherine Wagner, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Enhanced Recovery Company, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 8014 Bayberry Rd, Jacksonville, FL 32256.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Factual Allegations**

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On November 1, 2011, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 13, of the United States Code, bankruptcy case number 13719-FJO-13. *See Exhibit "2" attached hereto.*

27. The Plaintiff's bankruptcy petition contains several schedules and lists of debts.

28. The Defendant was listed on the Plaintiff's Schedule F.

29. The Bankruptcy Noticing Center sends notice to creditors listed on the Plaintiff's bankruptcy petition regarding notices and hearing dates. *See Exhibit "2" attached hereto*

30. The Bankruptcy Noticing Center sends notice electronically to creditors that have signed up for that service. The Defendant is one such entity. *See Exhibit "2" attached hereto.*

31. One such notice sent by the Bankruptcy Noticing Center is the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines. *See Exhibit "2" attached hereto*

32. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines, contains the Plaintiff's legal counsel's name and contact information. *See Exhibit "2" attached hereto.*

33. On November 3, 2011, the Bankruptcy Noticing Center sent an electronic Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines to the Defendant. *See Exhibit "2" attached hereto.*

34. In addition to the electronic notice, on November 5, 2011, the Bankruptcy Noticing Center sent the Defendant Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines via normal mail. *See Exhibit "2" attached hereto.*

35. The notice received by the Defendant contained the following language, "…the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor…[i]f you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized." *See Exhibit "2" attached hereto.*

36. On March 7, 2012, Indiana Bell Telephone Company, d/b/a AT&T Services, Inc., filed a Proof of Claim in the Plaintiff's bankruptcy case. *See Exhibit "3" attached hereto.*

37. A Proof of Claim is a document filed by a creditor stating that it owns the debt and is attempting to be paid back as part of the Chapter 13 bankruptcy payment plan. *See Exhibit "3" attached hereto.*

38. Despite receiving this notice, the Defendant sent multiple letters to the Plaintiff in an attempt to collect a debt. *See Exhibit "4" attached hereto*.

39. Specifically, the Defendant sent the Plaintiff dunning letters dated August 9, 2012, and September 13, 2012, despite receiving notice from the Bankruptcy Noticing Center, as well as AT&T Services having filed a claim stating that it owns the debt in addition to seeking repayment. *See Exhibits "4" and "5" attached hereto*.

40. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 40 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692e by attempting to collect a debt it was legally enjoined from collecting, when it sent the Plaintiff multiple collection letters after receiving notice of the Plaintiff's bankruptcy case and automatic stay.

3  The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to attempt to collect a debt after receiving notice of automatic stay from the Bankruptcy Court.

4  The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to attempt to collect a debt that was included in an active bankruptcy case and thus under the automatic stay protection.

5  The Defendant violated the FDCPA by misrepresenting the character and legal status of a debt pursuant to 15 U.S.C. § 1692e, when it sent the Plaintiff multiple collection letters, thereby representing the debt as collectible, despite notice of the bankruptcy case and automatic stay.

6  The Defendant violated the FDCPA by attempting to collect an amount not permitted by law pursuant to 15 U.S.C. § 1692f, when it attempted to collect a debt that was under the protection of the automatic stay.

7  The Defendant violated the FDCPA by threatening to unlawfully repossess or disable the consumer's property pursuant to 15 U.S.C. § 1692f, by filing a Proceeding Supplemental regarding a debt that it was legally enjoined from taking said action on due to the automatic stay that the Defendant received notice of electronically and via normal mail nearly 30 days before filing the motion.

8. The Defendant violated the FDCPA by contacting the Plaintiff in an attempt to collect a debt despite notice of legal representation, pursuant to 15 U.S.C. § 1692c.

9. The Defendant violated the FDCPA by misrepresenting that it was able to collect the debt, despite notice of the automatic stay in addition to the Proof of Claim filed by AT&T Services on March 7, 2012, pursuant to 15 U.S.C. § 1692e.

10. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp

John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com